IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Appellee*, | ) | |
| | ) | |
| v. | ) | No. 20-4497 |
| | ) | |
| UNDER SEAL, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |

**United States' Reply in Support of
Its Motion to Dismiss Appeal for Lack of Jurisdiction**

Defendant's Response to the government's motion to dismiss for lack of jurisdiction contains mistaken assertions of both fact and law. The government offers this reply to clarify the relevant procedural history and to reiterate the appropriate legal standards.

As he did in his first interlocutory appeal (*United States v. Under Seal I*, No. 20-4346 (4th Cir. filed Aug. 3, 2020) ECF. No. 15), defendant again claims the government denied him notice of the pending forfeiture action against $617,524 seized from his BBVA Compass account. Def. Resp. 1, 8-9. Not so.

This forfeiture action commenced in the Western District of Tennessee on April 26, 2019. *See* Compl., *United States v. $617,524.24*, No. 2:19-cv-2265 (W.D. Tenn.), ECF No. 1. On May 7, 2019, the Honorable Mark Norris, United States

District Judge for the Western District of Tennessee, ordered the United States Marshal to: hold the money; serve a copy of the complaint on all known claimants including BBVA Compass Bank, defendant, his alter egos and, and a co-conspirator; and advertise the bank account on the internet at www.forfeiture.gov for 30 consecutive days. *See* Order 1, *$615,524.24*, No. 19-cv-2265 (W.D. Tenn.), ECF No. 4. On May 15, 2019, the government served and attempted to serve notice on all claimants, including defendant and his alter egos. *See* Notice, *id.*, ECF No. 7. More than six months later, with the final attempt to serve defendant occurring on December 3, 2019, the United States Marshal informed the district court that it was unable to serve defendant (and his alter egos) because he (and they) was, at that point, located outside the United States. *See id.*, ECF Nos. 9–14. Defendant's arrest warrant in connection with the original indictment was not executed until December 18, 2019, after Mexico expelled him to United States custody on that date. *See* Executed Arrest Warrant, *United States v. Li, et al.,* No. 1:19-cr-334 (E.D. Va. filed Dec. 18, 2019), ECF No. 10. As such, any inability to notify from the initiation of the action through defendant's arrest in December 2019 is attributable to his own volitional absence from the United States, likely due to a 2008 indictment against him in Los Angeles County, California for conspiracy to distribute more than 20 kilograms of cocaine.

Next, defendant claims the government initiated the civil forfeiture action as part of a "reprehensible" strategy to deny him access to the funds. Def. Resp. 2-3. Again, not so.

As stated above, the United States Attorney's Office for the Western District of Tennessee initiated the forfeiture action before defendant was indicted in the Eastern District of Virginia. However, undersigned counsel first learned that the default judgment had been sought and entered in the Western District of Tennessee only days prior to the June 12, 2020, status hearing. Undersigned counsel then promptly informed counsel for defendant of the default judgment and the government's intent to dismiss both the money and the account from the forfeiture notice since they had already been forfeited in a different district.

Lastly, defendant claims that the government took inconsistent positions before the district court and this Court, but this is also wrong. The government's consistent position has been that following the completed forfeiture, the district court should dismiss the asset from the criminal indictment as it is no longer at issue and, given the lack of a restrained asset in the criminal prosecution, a *Jones-Farmer* hearing is unavailable. The government's position in defendant's first interlocutory appeal was that it was neither a final order nor an appeal from an injurious decision; the government did not argue to each court that jurisdiction only existed in the other court.

3

On the legal questions of standing, defendant incorrectly analyzes Article III causation (traceability) and redressability. "Traceability is established if it is 'likely that the injury was caused by the conduct complained of and not be the independent action of some third party not before the court.'" *Doe v. Virginia Dept. of Police*, 713 F.3d 745, 755 (4th Cir. 2013) (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))). "An injury is redressable if it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Doe*, 713 F.3d at 755 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)).

Citing the Third Circuit's decision in *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 418 (3rd Cir. 2013) defendant asks this Court to apply "but for" analysis to determine traceability. Def. Resp. 5. Using this—or any—standard, his argument fails. Neither the criminal prosecution here, nor the district court's denial of defendant's request for a *Jones-Farmer* hearing, was even a but-for cause of defendant's loss of access to the BBVA funds. That injury—if it can be so described—was caused entirely by the concluded civil forfeiture action in the Western District of Tennessee. While nothing prevents defendant from seeking to set that default judgment aside and, if necessary, appeal to the Sixth Circuit, there is no asset restrained

4

pursuant either the original or superseding indictments. Thus, the complained of injury cannot be linked to the district court's order.

Defendant's argument on redressability is similarly ill conceived. As an initial matter, he argues, "redressability should not loom large in the Court's examination of standing." Def. Resp. 7. However, redressability is one of the three elements defendant bears the burden to show to establish Article III standing. *Lujan*, 504 U.S. at 561. Failure to establish even one element—or all, as is likely the case here—precludes further judicial consideration of the matter. *See id*.

Defendant also argues that this Court can redress his injury simply by reversing the district court's order denying his request for a *Jones-Farmer* hearing. He contends this will at least afford him the opportunity for an adversarial hearing contemplated by *Jones-Farmer*. Def. Resp. 7-8.  But this argument ignores the district court's substantive basis for denying his motion: the lack of a restrained asset. 1:19-cr-334 (ECF. No. 85 at 4). The district court cannot order the release of assets not restrained in its proceedings, and the defendant cannot show that the court is restraining funds that are should rightly be made available to fund his defense. *United States v. Farmer*, 274 F.3d 800, 804-05 (4th Cir. 2001) (establishing right to hearing where defendant shows funds are necessary to fund defense and restrained pursuant to an erroneous finding of probable cause) (citing *United States v. Jones*, 160 F.3d 641,

5

647 (10th Cir. 1998)). It also ignores the fact that he can still pursue his legal remedies in the Western District of Tennessee by contesting the default judgment, including by asserting, as he has done here, that some failure to notify vitiates the default. And even if he were successful in attacking that judgment, the BBVA assets would *still* not be restrained in this case because the government dismissed them from the indictment and superseded without re-alleging them in the forfeiture notice. But for reasons unknown to the government, defendant simply refuses to pursue his remedies in Tennessee, the actual source of his complaint.

Consequently, defendant cannot satisfy either the traceability or redressability prongs of Article III standing.

## **Conclusion**

For the reasons set forth above, as well as in its initial motion to dismiss, the government respectfully requests that the Court grant this motion and dismiss the appeal for lack of standing.

          Respectfully submitted,
          G. Zachary Terwilliger
          United States Attorney

By:  //s//_____

      David A. Peters
      Assistant United States Attorney

## Certificate of Compliance

I certify that this reply does not exceed 2,600 words (and is specifically 1,137 words) and otherwise complies with the requirements of Federal Rule of Appellate Procedure 27 and this Court's local rules.

By:          /s/         

David A. Peters
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
david.peters@usdoj.gov